IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FRANK MASSENGILL,

    Petitioner,

v.                                                        No. 1:19-cv-01223-JDB-dkv

UNITED STATES OF AMERICA,

    Respondent.

ORDER TRANSFERRING § 2255 MOTION TO COURT OF APPEALS
AS SECOND OR SUCCESSIVE PETITION

On September 30, 2019, Petitioner, Frank Massengill, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry "D.E." 1.) He asserts that he is actually innocent of his conviction under 18 U.S.C. § 922(g), in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1] (*Id.* at PageID 1–2.) For the reasons that follow, the motion must be transferred to the Sixth Circuit Court of Appeals.

The inmate previously filed a request for relief under § 2255, which this Court denied. *See Massengill v. United States*, No. 1:16-cv-01147-JDB-jay, D.E. 10 (W.D. Tenn. Apr. 18, 2019) (denying petition). The Petition now before the Court presents a new ground for habeas relief, and therefore constitutes a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a claim filed subsequent to a first § 2255 petition which asserts a "new ground for relief" is a second or successive petition).

---

[1] In *Rehaif*, the United States Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

1

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The inmate has not yet obtained authorization from the Sixth Circuit to file his Petition. The Petition is therefore TRANSFERRED to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 3rd day of October 2019.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE